*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Robinson* and *J. S. Scobey,* for the plaintiff.

*A. Davison,* for the defendant.

---

### YOST *v* SHAFFER.

Where, at the time of making a contract for the sale of land, the vendor has fraudulently misrepresented the quantity, a Court of equity, upon the application of the vendee, will rescind the contract.

Such vendor cannot, by afterwards purchasing and tendering to the vendee a conveyance for an adjoining quantity sufficient to make up the deficiency, deprive the latter of the right to rescind the contract.

ERROR to the *Henry* Circuit Court.

SMITH, J.—This was a bill in chancery filed by the defendant in error against the plaintiff in error, to obtain the rescission of a contract for the sale by the latter to the former of a certain tract of land, upon the ground that the vendor fraudulently misrepresented the number of acres contained in the tract. The decree was in favor of the complainant.

The answer of *Yost* as to his knowledge of the quantity of land in the tract sold to *Shaffer,* is equivocal, and we think it is sufficiently proved by the admissions in the answer and by the depositions, that he did intentionally misrepresent the number of acres constituting the farm. The farm sold to *Shaffer* consisted of several smaller tracts which *Yost* held by separate deeds, all of which deeds were in his possession, and he must have known by the descriptions contained in them, and by the number of acres he paid taxes for, that the whole farm contained a much less quantity of land than 180 acres.

It appears that, after the contract with *Shaffer, Yost*

purchased or contracted with one *McMullen* for an adjoining tract, which he then offered to convey to *Shaffer*, in order to make up the quantity he had represented the farm sold to the latter to contain, but such an offer as this does not place him in any better position to enforce his original contract.

We are of opinion that the decree is right.

*Per Curiam.*—The decree is affirmed, with costs.

*J. Rariden* and *J. S. Newman,* for the plaintiff.

*J. Perry* and *J. B. Julian,* for the defendant.